PROB 12C
(6/16)

Report Date: September 17, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Twylah Jean Miller                    Case Number: 0980 2:16CR00182-WFN-1

Address of Offender:                                    Airway Heights, Washington 99001

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Wm. Fremming Nielsen,

Date of Original Sentence: January 9, 2018

Original Offense:        Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1),(b)(1)(C)

Original Sentence:       Prison - 366 days;              Type of Supervision: Supervised Release
                         TSR - 120 months

Asst. U.S. Attorney:     James Goeke                     Date Supervision Commenced: April 29, 2018

Defense Attorney:        Roger Peven                     Date Supervision Expires: April 28, 2028

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |
| | **Supporting Evidence**: It is alleged that Twylah Miller violated the terms of her supervised release by consuming a controlled substance, methamphetamine, on or about August 10, 2021. |
| | On April 29, 2018, supervision commenced in this matter. On May 3, 2018, a supervision intake was completed. Her conditions of supervised release were reviewed with her. She signed her judgment acknowledging an understanding of her conditions, which included the above-noted special condition number 4. |
| | In December 2019, Ms. Miller entered the Sobriety Treatment and Education Program (STEP). |

Due to concerns related to possible illicit drug use, a sweat patch was applied on Ms. Miller on August 5, 2021. The sweat patch was removed on August 10, 2021. The lab report confirmed a positive presence for methamphetamine. Ms. Miller continues to deny use.

2   **Standard Condition # 13**: You must follow the instructions of the probation officer related to the conditions of supervision.

**Special Condition # 4**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: It is alleged that Twylah Miller violated the terms of her supervised release by tampering with a drug testing device, on or about September 7, 2021.

On April 29, 2018, supervision commenced in this matter. On May 3, 2018, a supervision intake was completed. Her conditions of supervised release were reviewed with her. She signed her judgment acknowledging an understanding of her conditions, which included the above-noted special condition number 13. In addition, the substance abuse testing instructions were reviewed with Ms. Miller.

Number 16 of the Substance abuse testing instructions states" If you have been selected to participate in the PharmChek Sweat Patch program, after the PharmChek patch has been applied, you will be given a date and time to return to have the patch removed. If the PharmChek patch appears to be coming loose, it is your responsibility to notify your supervision officer prior to the PharmChek patch removal date. If the PharmChek patch is removed early, another patch may be applied. You may perform normal activities such as work, bathing, showering and exercising, etc. However, you should be cautioned to pat, not rub, over the patch when washing and drying."

In December 2019, Ms. Miller entered the Sobriety Treatment and Education Program (STEP).

On August 24, 2021, a sweat patch was applied to Ms. Miller. On September 7, 2021, the undersigned contacted Ms. Miller by phone to schedule a time to have the sweat patch removed. At that time, Ms. Miller advised that she had removed the sweat patch the day prior because she intended on opting out of STEP.

It should be noted, contact was made with Ms. Miller at her residence. She was still in possession of the sweat patch, therefore, it was sent to the lab for testing. The lab report showed a positive presence for methamphetamine and marijuana.

3   **Mandatory Conditions #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: It is alleged that Twylah Miller violated the terms of her supervised release by driving under the influence, on or about March 28, 2021.

On April 29, 2018, supervision commenced in this matter. On May 3, 2018, a supervision intake was completed. Her conditions of supervised release were reviewed with her. She signed her judgment acknowledging an understanding of her conditions, which included the above-noted mandatory condition number 1.

On March 28, 2021, Ms. Miller was arrested and cited for driving under the influence. Available incident reports note that on March 28, 2021, at approximately 8:22 p.m., Washington State Patrol (WSP) was dispatched to a two-car collision in the area of I-90 at milepost 280. The suspect vehicle was located pulled over onto Eastern Road. WSP contacted the driver, Twylah Miller, a male passenger, a female passenger and an infant child.

Ms. Miller was asked if she was involved in the collision. She indicated there was a vehicle that had come to a near collision with them, but she did not think they had been involved in an actual accident. WSP noted Ms. Miller's eyes were watery and they could smell the odor of intoxicants coming from the vehicle. WSP inquired into where she had been coming from. Ms, Miller stated she was coming from Northen Quest Casino and when asked about her alcohol consumption, she indicated that she had one shot. Ms. Miller agreed to field sobriety test. The horizontal gaze nystagmus test was performed, which noted 4 of 6 clues to indicate she was under the influence.

Ms. Miller agreed to perform the voluntary preliminary breath test (PBT), but instead of actually blowing air into the tube, she would just purse her lips an do 1 or 2 short bursts of breath between her lips. She would then act like she was blowing. It was noted that Ms. Miller strongly smelled of intoxicants.

Ms. Miller was placed into custody for driving under the influence and questioned about the collision. Ms. Miller claimed that she was not driving during the collision, and that the male passenger was the driver. She claimed they had pulled over after seeing the other vehicle flashing their lights, but advised the other vehicle did not follow them. Ms. Miller claimed they then pulled over in a parking lot so that one of the passengers could use the restroom. She claimed that she then started to drive the car because, "it's her car".

Ms. Miller was transported to the Spokane Valley precinct and escorted to the blood alcohol content (BAC) room. She then provided two breath samples with readings of .144 and .146.

On August 23, 2021, after being convicted of an amended charge, reckless driving, she was sentenced to 18 months probation with Spokane County District Court Probation.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    09/17/2021

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

Prob12C
**Re: Miller, Twylah Jean**
**September 17, 2021**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

_9/17/2021_____
Date